

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-81,637-01

### EX PARTE MONICE MCKEE ANDERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F10-51906-H IN THE CRIMINAL DISTRICT COURT #1
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Anderson v. State*, No. 05-11-00259-CR (Tex. App. – Dallas, April 30, 2013).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because counsel failed to communicate plea offers, failed to object to testimony which violated

---

[1]This Court has reviewed Applicant's other claims and found them to be without merit.

Applicant's confrontation rights, failed to make appropriate arguments during a motion to suppress evidence, and failed to request an instruction on an affirmative defense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether the State made any pre-trial plea offers, and if so what those offers were, whether they were communicated to Applicant, and whether Applicant was given the opportunity to accept or reject any such offers. The trial court shall make findings as to whether it would have erred in overruling confrontation objections to the testimony of Detective Gonzalez regarding being told by a woman that the telephone number he had called belonged to Applicant, and to the testimony of Phaylon Wamsley that Derric Elmore was to tell Applicant that they planned to commit a robbery, had such objections been made. The trial court shall make findings as to whether a motion to suppress would likely have been granted had counsel argued that the State should have acquired a warrant for Applicant's phone records and that Applicant had a Fourth Amendment privacy right in those phone records. The trial court shall make

findings as to whether there was evidence or testimony in the record which would have supported an instruction on defense of others had such an instruction been requested. The trial court shall make findings as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 23, 2014
Do not publish